UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-cv-61018-MGC

MORGAN RYDER, individually and on behalf
of a class of others similarly situated,

   CLASS ACTION

 Plaintiff,

   Jury Trial Demanded

v.

TOWN SPORTS INTERNATIONAL, LLC,
and TOWN SPORTS INTERNATIONAL
HOLDINGS, INC. d//b/a NEW YORK
SPORTS CLUBS, BOSTON SPORTS CLUBS,
WASHINGTON SPORTS CLUBS and
PHILADELPHIA SPORTS CLUBS,

 Defendants.
_____/

**DEFENDANTS TOWN SPORTS INTERNATIONAL, LLC,
AND TOWN SPORTS INTERNATIONAL HOLDINGS INC.'S
<u>RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM</u>**

 Defendants Town Sports International, LLC, and Town Sports International Holdings Inc. d/b/a New York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs and Philadelphia Sports Clubs (collectively "Defendants") hereby file their Response to the Statement of Claims filed by Plaintiff Morgan Ryder ("Plaintiff"). [D.E. 11].

  **I.** <u>**General Denial**</u>

 At this early stage and having conducted no discovery, Defendant denies Plaintiff's Statement of Claim generally. Counsel for Defendant only recently appeared May 24, 2018, and continues to investigate and seek additional information regarding the allegations of Plaintiff's Complaint – and now recently filed Amended Complaint – and the method by

which the alleged texts were sent.

Defendants note that this case bears a striking resemblance to the case captioned *Bilal Saleh v. Crunch LLC, et al,* CASE NO.: 0:17-cv-62416-MGC (S.D. Fla.). That TCPA putative class action was filed by three of the same plaintiff firms as represent Plaintiff here. Similar to this case, the *Saleh* case involves a plaintiff who allegedly sought a free trial at a gym, and subsequently received text messages from that gym. *Id.,* Dkt. 72, pp. 3-4. Oddly, the plaintiff did not recall signing up for a free trial, and doesn't know why he would, since there was no Crunch gym anywhere near him. *Id.,* Dkt. 74-2, p. 7. The defendants there contend that "someone visited the Crunch website . . . inputted plaintiff's information on the free pass form" and "tried to manufacture" a claim. *Id.,* Dkt. 74, p. 5. Accordingly, the defendants indicated they may seek to recover attorneys' fees "for defending against baseless claims" in connection with plaintiff's recent motion to dismiss. *Id.,* Dkt. 74 at p. 2.

## II. Plaintiff Fails To Allege Sufficient Call Detail Information or his Telephone Number

The Complaint must be dismissed because Plaintiff has failed to sufficiently plead a TCPA cause of action.[1] Plaintiff's Complaint fails to provide sufficient telephone call information for which Plaintiff seeks relief under the TCPA, including the actual telephone number dialed and information concerning all of the alleged texts. Plaintiff's Complaint only includes details regarding three texts, despite alleging that he "receive[d] text message from Defendants on a regular basis." (Compl. ¶¶ 17-19.) The Complaint does not detail the number or content of those additional texts.

---

[1] Defendants raised this issue in their Motion to Dismiss. Plaintiff recently filed a First Amended Complaint and did not address this issue.

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

Plaintiff cannot rely on assertions that merely recite the language of the TCPA. As recognized by the Supreme Court, a complaint must set forth facts that plausibly demonstrate a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plausibility means alleging factual content that allows the Court to reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements, as Plaintiff has done here, is insufficient to state a cause of action. *Id*.

Further, this is a lawsuit about allegedly improper texts to Plaintiff's number, yet Plaintiff fails to identify his telephone number. Without knowing Plaintiff's cell phone number, Defendant is not on adequate notice of Plaintiff's claim and therefore his Complaint must be dismissed.

### III. Plaintiff Fails to Plead Sufficient Facts to Plausibly Allege Defendants Had an Agency Relationship with the Sender

Plaintiff's claims are subject to dismissal for failing to plausibly allege that the actual sender of the text messages had a legally cognizable agency relationship with Defendants to establish a theory of vicarious liability under the TCPA. Plaintiff fails to allege offer specific facts to support a reasonable inference that an agency relationship existed between Defendants and any agent or vendor. This omission compels dismissal of Plaintiff's claims against the Defendants. Absent any specific factual allegations regarding such a relationship, Plaintiff's claims are not plausible.

### IV. Denial of Class Certification

Plaintiff proposes two class definitions in the Complaint. (Complaint at ¶¶ 45-47). Putting aside the consent issues, whether texts were sent via an automatic telephone dialing system or human intervention, and myriad individualized inquiries of all putative class

members, Plaintiff's proposed classes are improper fail-safe classes, an independent bar to class certification.

Defendant has a pending motion to dismiss, and in the alternative, motion to compel arbitration.  Even if neither of those motions is granted, Defendant maintains that this case is entirely inappropriate for class treatment and that Plaintiff will be unable to meet the Rule 23 elements for class certification.

### V.      The Terms of Service for use of http://www.bostonsportsclubs.com

Plaintiff alleges that he used Defendants' web site, https://www.bostonsportsclubs.com, and submitted an online form, where he provided his First Name, Last Name, Email, and Phone Number.  Compl. ¶¶ 13-14.  Plaintiff's use of the website was unambiguously governed by the Terms of Use of that website. **Exhibit A**.  By virtue of visiting Defendants' website, Plaintiff agreed to abide by the Terms of Service found on that website.  Since the Terms of Service contain an arbitration provision, Plaintiff must be compelled to arbitrate his claim.  Further, the Terms of Service contain a class action waiver. Because Plaintiff agreed to waive his rights to a class action, his Complaint cannot be sustained as a class action.  Additionally, the Terms of Service contain a limitation of liability and damages provision.  These provisions limit the availability of damages and limit the value of Plaintiff's claim to $100.  Accordingly, all those portions of Plaintiff's complaint seeking damages or remedies excluded by the exclusionary language should be dismissed, and all potential liability of Defendants should be limited to $100.

On June 7, 2018, Defendants filed a motion to dismiss Plaintiff's lawsuit and, in the alternative, a motion to compel arbitration.  Plaintiff amended his Complaint on June 15, 2018.  Dkt. 22.  In response to Plaintiff's amended Complaint, Defendants intend to file a

4
**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

motion to dismiss and, in the alternative, a motion to compel arbitration. In any event, this lawsuit was recently filed and Defendants reserve the right to raise additional facts and defenses as they become known.

## VI. Continued Investigation

Defendants continue to seek additional information relating to Plaintiff's allegations, but deny any violation of the TCPA and further deny that Plaintiff is entitled to any relief. Defendants further deny that this action is suitable for class treatment and deny that Plaintiff, assuming his case is not dismissed or transferred to arbitration, can satisfy the Rule 23 elements of class certification.

Respectfully submitted this 22nd day of June, 2018.

/s/ Capri Trigo
Capri Trigo (28564)
**GORDON REES SCULLY MANSUKHANI**
Miami Tower, 100 SE Second Street, Suite 3900
Miami, FL 33131
Phone: (305) 428-5323
Fax: (877) 634-7245
Email: ctrigo@gordonrees.com

Gordon & Rees LLP
Thomas C. Blatchley, Esq. (PHV)
95 Glastonbury Blvd., Ste. 206
Glastonbury, CT 06033
(860) 494-7525
tblatchley@gordonrees.com

*Counsel for Defendants*
*Town Sports International, LLC, and Town Sports International Holdings, Inc. d/b/a New York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs and Philadelphia Sports Clubs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for the counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/  Capri Trigo*
Capri Trigo, Esq.

## SERVICE LIST

Bret Leon Lusskin , Jr.
Bret Lusskin, P.A.
20803 Biscayne Blvd.
Ste 302
Aventura, FL 33180
954-454-5841
Fax: 954-454-5844
Email: blusskin@lusskinlaw.com

Scott David Owens
SCOTT D. OWENS, P.A.
3800 S. Ocean Drive
Suite 235
Hollywood, FL 33019
954-589-0588
Fax: 954-337-0666
Email: scott@scottdowens.com

Jibrael Jarallah Said Hindi
The Law Offices of Jibrael S. Hindi
110 SE 6th St.
17th Floor
Fort Lauderdale, FL 33301
954-907-1136
Email: jibrael@jibraellaw.com