UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-cv-61018-MGC

MORGAN RYDER, individually and on behalf
of a class of others similarly situated,

    Plaintiff,

v.

TOWN SPORTS INTERNATIONAL, LLC,
and TOWN SPORTS INTERNATIONAL
HOLDINGS, INC. d//b/a NEW YORK
SPORTS CLUBS, BOSTON SPORTS CLUBS,
WASHINGTON SPORTS CLUBS and
PHILADELPHIA SPORTS CLUBS,

    Defendants.

_____/

CLASS ACTION

Jury Trial Demanded

**DEFENDANTS TOWN SPORTS INTERNATIONAL, LLC,
AND TOWN SPORTS INTERNATIONAL HOLDINGS INC.'S
OPPOSITION TO PLAINTIFF'S NOTICE OF
<u>VOLUNTARY DISMISSAL WITHOUT PREJUDICE</u>**

    Defendants Town Sports International, LLC, and Town Sports International Holdings Inc. d/b/a New York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs and Philadelphia Sports Clubs (collectively "Defendants") oppose Plaintiff Morgan Ryder's Notice of Voluntary Dismissal Without Prejudice. Plaintiff has made no attempt to communicate with Defendants regarding his reasons for the Notice of Voluntary Dismissal Without Prejudice. Instead, it seems apparent that the purpose of the dismissal is forum shopping, to avoid an adverse result, or to diminish the effect of the curious behavior arising out of a similar case in this Court. Moreover, Plaintiff's litigation here forced Defendants to incur substantial legal fees and waste of time—Defendants should not be forced to expend these same resources twice, upon Plaintiff's refiling elsewhere. Accordingly, Defendants request that the dismissal of Plaintiff's Complaint be with prejudice, and that Defendants

1

retain the ability to seek attorneys' fees and/or costs under 28 U.S.C. § 1927, Rule 11, or any other similar relief that may be available.

I.   **Background**

Plaintiff filed his Complaint on May 7, 2018—less than sixty days ago. Dkt. 1. Notably, this case is on the Court's TCPA fast-track calendar. Dkt. 4. Thus, the Defendants have incurred more fees than would normally be typical in such a short amount of time. In the brief amount of time since Plaintiff filed his original Complaint, Defendants have filed a Motion to Dismiss, a Response to Plaintiff's Statement of Claim, negotiated regarding a mediator, drafted discovery requests, and drafted an amended Motion to Dismiss Plaintiff's Amended Complaint.

Significantly, and not long after Plaintiff filed his Complaint, Defendants noted that this case bears a striking resemblance to the case captioned *Bilal Saleh v. Crunch LLC, et al*, CASE NO.: 0:17-cv-62416-MGC (S.D. Fla.).[1] That TCPA putative class action was filed by three of the same plaintiff firms as represent Plaintiff here. Similar to this case, the *Saleh* case involved a plaintiff who allegedly sought a free trial at a gym, and subsequently received text messages from that gym. *Id.,* Dkt. 72, pp. 3-4. Oddly, the plaintiff did not recall signing up for a free trial, and doesn't know why he would, since there was no Crunch gym anywhere near him. *Id.,* Dkt. 74-2, p. 7. The defendants there contended that "someone visited the Crunch website . . . inputted plaintiff's information on the free pass form" and "tried to manufacture" a claim. *Id.,* Dkt. 74, p. 5. Accordingly, the defendants sought dismissal with prejudice and recovery of fees "for defending against baseless claims" in connection with plaintiff's motion to dismiss. *Id.,* Dkt. 74 at p. 2. This Court denied the defendants' request for a dismissal with prejudice, but allowed the defendants "to seek attorneys' fees under 28 U.S.C. § 1927, Rule 11, or any other similar relief that may be available . . . ." *Id.,* Dkt. 78, p. 3.

II.  **Legal Standard**

   A. **Ability to Seek Fees After Voluntary Dismissal**

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals by plaintiffs. Rule 41(a)(1) states that a plaintiff may voluntarily dismiss an action without a court order

---

[1] Defendants first commented on the resemblance between the *Saleh* case and the instant case in their initial Motion to Dismiss. Dkt. 18, pp. 3-4.

by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or if the parties have stipulated to the dismissal in writing. Notwithstanding a plaintiff's Rule 41(a)(1) notice of dismissal, courts retain jurisdiction to impose sanctions, including under Rule 11. *Matthews v. Gaither*, 902 F.2d 877, 880-81 (11th Cir. 1990). In fact, the Court "may entertain a motion for sanctions pursuant to its inherent powers, 28 U.S.C. § 1927, or Federal Rule of Civil Procedure 11 at anytime in the proceedings, even after an entry of Judgment." *Carlson v. Bosem*, No. 04-61004-CIV, 2007 WL 1496693 at *2 (S.D. Fla. Apr. 9, 2007).[2]

The Supreme Court of the United States has described the purposes of Rule 41(a)(1) and Rule 11 as follows:

> Both Rule 41(a)(1) and Rule 11 are aimed at curbing abuses of the judicial system, and thus their policies, like their language, are completely compatible. Rule 41(a)(1) limits a litigant's power to dismiss actions, but allows one dismissal without prejudice. Rule 41(a)(1) does not codify any policy that the plaintiff's right to one free dismissal also secures the right to file baseless papers. The filing of complaints, papers, or other motions without taking the necessary care in their preparation is a separate abuse of the judicial system, subject to separate sanction. As noted above, a voluntary dismissal does not eliminate the Rule 11 violation. Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. Even if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred. Therefore, a litigant who violates Rule 11 merits sanctions even after a dismissal. Moreover, the imposition of such sanctions on abusive litigants is useful to deter such misconduct. If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to stop, think and investigate more carefully before serving and filing papers.

*Cooter & Gell*, 496 U.S. at 397-98 (citations and internal marks omitted).

### B.  Dismissal With Prejudice

Bad faith on the part of the plaintiff is grounds for dismissal with prejudice. *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1257 (11th Cir. 2001) (*citing Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)); see also id. at 1256-59 (stating that "[i]n exercising its 'broad equitable discretion under Rule 41(a)(2),' the district court must

---

[2] Under Local Rule 7.3(a)(1), a motion for an award of attorneys' fees and/or non-taxable expenses and costs may be filed within 60 days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings.

'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate,'" and concluding that "the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith," and where the plaintiff was not negligent or dilatory in prosecuting the case, does not warrant a dismissal with prejudice); *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (affirming the district court's dismissal with prejudice and imposition of sanctions where plaintiff "fil[ed] a false affidavit in bad faith" and demonstrated "a history of bad faith litigiousness and deceit").

## III. Discussion

Given the odd circumstances and procedural history of this case (and the *Saleh* case), dismissal with prejudice and the ability to seek fees are warranted here. Here, Defendants have expended considerable amounts of resources, especially considering the relatively short length of time that this case has been active. Defendants' counsel reviewed Plaintiff's claims, communicated with their clients, researched, drafted and filed a Motion to Dismiss Plaintiff's Complaint. These efforts required substantial amounts of time and thousands of dollars in fees. Dkt. 18. In response, Plaintiff filed an Amended Complaint on June 15, 2018. Dkt. 22. Since the filing of Plaintiff's Amended Complaint, Defendants have drafted and prepared for filing a revised Motion to Dismiss, incurring additional fees. Defendants have also spent time and money drafting Requests for Production, Requests for Admission, and Interrogatories for service on Plaintiff. On June 22, after sustained communications with Plaintiff's counsel, the parties agreed on a mediator for Court-ordered mediation. Dkt. 23. Defendants also spent substantial amounts of time and money in order to draft and file a Response to Plaintiff's Statement of Claim. Dkt. 24. Two days after Defendants filed their Response to Plaintiff's Statement of Claim, Plaintiff filed his Notice of Voluntary Dismissal Without Prejudice. Dkt. 25.

For the reasons outlined in Defendant's Motion to Dismiss, Defendants agree that Plaintiff should not continue prosecuting this action. However, the case should be dismissed with prejudice, and without waiver of defendants' right to seek recovery of their attorneys' fees and/or costs for defending against baseless claims. All of the above referenced efforts in defending this case will be rendered ineffective, at least in part, if Plaintiff is permitted to dismiss and then refile, potentially adding parties and claims.

Moreover, Defendants will be forced to re-walk the same path in order to protect their own interests.

Absent a dismissal with prejudice, Plaintiff clearly intends to file the same lawsuit before a different judge. This unambiguously impairs the interests of judicial economy. Indeed, Plaintiff indicates that he "will seek to join in a pending TCPA class action case against Defendants (*Metten v. Town Sports International Holding, Inc. et al.,* 1:18-cv-04226-ALC, (S.D.N.Y.)), or alternatively, proceed to arbitrate his claim." Dkt. 25. As an initial matter, Plaintiff's counsel has been aware of the *Metten* case since well before the filing of Plaintiff's statement of claim, or Amended Complaint. Despite this, Plaintiff insisted on additional filings, causing Defendants to incur additional fees and costs.

Moreover, Plaintiff's two alternative positions—class action in another venue, or arbitration—are incompatible. As explained in Defendants' Motion to Dismiss, Plaintiff's use of the www.bostonsportsclubs.com website was governed by the Terms of Use of Defendants' website. Those terms contain both an arbitration provision and a class action waiver. Dkt. 18, pp. 10-15. Thus, to the extent that Plaintiff accepts Defendants' argument that his claim must proceed to arbitration, Plaintiff must necessarily accept that he has waived his rights to a class action. *Id.* Accordingly, Plaintiff can not join any claims he may have with those of others in the form of a class action. If Plaintiff wishes to pursue his claims, he must arbitrate his claim *and* refrain from class action allegations—he can not choose to do one or the other.

In any event, if Plaintiff truly wished to join his claims with the *Metten* case in the Southern District of New York, he could do so by a motion to transfer or motion to consolidate. Plaintiff has made no attempt to do either. Furthermore, Plaintiff has made no attempt whatsoever to explain his reasons for dismissal. Based on the foregoing, the purpose of the dismissal appears to be forum shopping, avoiding an adverse result, or diminishing the effect of the curious behavior throughout the *Saleh* case. Defendants believe that the claims against Defendants were based on manufactured allegations that were false from the start—just as the claims against Crunch, referenced above. Whatever the real reason(s), Defendants should not be made to expend the same amount of costs twice. Dismissal with prejudice or the ability to seek fees/costs (or both) would be appropriate remedies to address this potential hardship.

**IV.    Conclusion**

For the foregoing reasons, Defendants request that the Court order dismissal of this action with prejudice, and without waiver of Defendants' claim for attorneys' fees under 28 U.S.C. § 1927, Rule 11, or any other relief that may be available.

Respectfully submitted this 28th day of June.

**COUNSEL FOR DEFENDANTS,
TOWN SPORTS INTERNATIONAL, LLC,
AND TOWN SPORTS INTERNATIONAL
HOLDINGS INC. D/B/A NEW YORK
SPORTS CLUBS, BOSTON SPORTS CLUBS,
WASHINGTON SPORTS CLUBS AND
PHILADELPHIA SPORTS CLUBS**

*/s/ Thomas C. Blatchley*
Gordon & Rees LLP
Thomas C. Blatchley, Esq. (*admitted pro hac vice*)
95 Glastonbury Blvd., Ste. 206
Glastonbury, CT 06033
(860) 494-7525
tblatchley@gordonrees.com

Gordon & Rees LLP
Capri Trigo, Esq.
Florida Bar No. 28564
100 SE Second Street, Suite 3900
Miami, FL 33131
(305) 428-5323
ctrigo@gordonrees.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 28, 2018, I electronically served the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Filing generated by CM/ECF.

/s/ *Thomas C. Blatchley*
Gordon & Rees LLP
Thomas C. Blatchley, Esq. (*admitted pro hac vice*)
95 Glastonbury Blvd., Ste. 206
Glastonbury, CT 06033
(860) 494-7525
tblatchley@gordonrees.com

## SERVICE LIST

Bret Leon Lusskin , Jr.
Bret Lusskin, P.A.
20803 Biscayne Blvd.
Ste 302
Aventura, FL 33180
954-454-5841
Fax: 954-454-5844
Email: blusskin@lusskinlaw.com

Scott David Owens
SCOTT D. OWENS, P.A.
3800 S. Ocean Drive
Suite 235
Hollywood, FL 33019
954-589-0588
Fax: 954-337-0666
Email: scott@scottdowens.com

Jibrael Jarallah Said Hindi
The Law Offices of Jibrael S. Hindi
110 SE 6th St.
17th Floor
Fort Lauderdale, FL 33301
954-907-1136
Email: jibrael@jibraellaw.com